[Cite as *Holden v. Holden*, 2019-Ohio-5031.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| GREGORY HOLDEN, | : | |
| Appellee, | : | CASE NO. CA2019-02-040 |
| | : | O P I N I O N |
| - vs - | | 12/9/2019 |
| | : | |
| LESLIE HOLDEN, | : | |
| Appellant. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. PC11-09-0029


Jack F. Grove, 1251 Nilles Road, Suite 10, Fairfield, Ohio 45014, for appellee

Leslie Holden, 6389 Gray Road, Fairfield, Ohio 45014, pro se


**PIPER, J.**

{¶ 1}  This case involves an appeal of the probate court's decision to set aside a will based on undue influence.  The decision arose from a will contest action between a brother and sister regarding their mother's estate.  For the reasons discussed below, we affirm the decision of the probate court.

{¶ 2}  Greg Holden and Leslie Holden are the children of Archie ("Arch") and Jean

Holden. The parents executed wills in 1971 which left their property to Leslie and Greg equally. The wills originally named Leslie, the older sibling, as the executor, but codicils were executed in 1998 nominating the siblings as co-executors. Following Arch's and Jean's heart attacks in 2005, Greg helped his parents with their finances. The couple later had concerns about Leslie's finances and in November 2005, executed codicils that named Greg sole executor. At Arch's request, Jean executed a power of attorney in Greg's favor in July 2006.

{¶ 3} Arch fell in December 2006 and was hospitalized until his death in January 2007. After her father's death, Leslie moved in with her mother and refused to let Greg be involved in their mother's financial matters. However, Greg continued to be involved in his mother's life in other ways, such as visiting and taking her to medical appointments.

{¶ 4} On May 25, 2007, Jean changed her will, naming Leslie as her executor, and leaving one dollar to Greg, and the remainder of her estate to Leslie. When Jean died in July 2011, Leslie admitted the May 2007 will to the Butler County Probate Court. Greg filed an action to contest the will on the basis that it was procured under undue influence and was inconsistent with his mother's actions and prior testamentary expressions.

{¶ 5} The case eventually was heard before a magistrate in October 2018. The magistrate issued a written decision finding the will was the product of undue influence and therefore, invalid. Leslie filed an objection to the magistrate's decision which stated, in its entirety, "Now comes Leslie Holden, and makes this Objection to the Decision of the Magistrate of December 4, 2018." Leslie also failed to file a transcript of the hearing before the magistrate with the trial court.

{¶ 6} The trial court found that Leslie failed to comply with the rules requiring an objection to "be specific and state with peculiarity all grounds for objection." See Civ.R. 53(D)(3)(b)(ii). Moreover, the court found that whether specifically stated or not, it could not consider any objections to factual findings made by the magistrate because Leslie had failed

- 2 -

to file a transcript. The court then independently reviewed the magistrate's conclusions of law in light of the magistrate's findings of fact and determined that the magistrate properly applied the law. Accordingly, the trial court overruled the objection and found the will was the product of undue influence and therefore invalid.

{¶ 7} Leslie, who is an attorney and is representing herself pro se, now appeals the trial court's decision. She raises the following sole assignment of error, which states in its entirety:

{¶ 8} THE TRIAL COURT ERRED IN SEVERAL WAYS

{¶ 9} We begin by noting that in multiple ways, Leslie's brief does not comply with the Appellate Rules of Procedure and this court's local rules. Most notably, the assignment of error does not "assert precisely the manner in which the trial court is alleged to have erred." Loc.R. 11(B)(3). Moreover, Leslie's argument does not contain citations to the record or to authority to support her arguments. See App.R. 16(7); Loc.R. 11(B)(3). [1]

{¶ 10} Most critically, as discussed above, Leslie failed to file a transcript of the magistrate's hearing with the trial court. On appeal, Leslie filed a transcript of the magistrate's hearing. However, this court granted Greg's motion to strike the transcript on the basis that it was not properly part of the record on appeal.

{¶ 11} The failure to file a transcript restricts the scope of review at both the trial court and appellate levels and "renders any review of the magistrate's factual findings impossible because the reviewing court does not have before it the evidence the magistrate relied on to make factual findings." *Smith v. Smith*, 12th Dist. Madison No. CS2018-02-004, 2018-Ohio-4179, ¶ 19, quoting *Bonn v. Bonn*, 10th Dist. Franklin No. 14AP-967, 2015-Ohio-3642, ¶ 25. In the absence of a transcript, the trial court must accept the magistrate's factual findings and

---

[1] In addition, the brief does not contain internal headings, nor does it contain a procedural posture or statement of facts. See App.R. 16; Loc.R. 11. Moreover, the required attachments, including the order appealed from, were not appended to the brief. Loc.R. 11(D)(1).

limit its review to the magistrate's legal conclusions. *Id.* On appeal of a judgment rendered without the benefit of a transcript, an appellate court's review is limited to whether the trial court correctly applied the law to the magistrate's factual findings. *Id.*

{¶ 12} Therefore, despite the deficiencies in appellant's brief, our review on appeal is limited to whether the trial court correctly determined that the 2007 will was the product of undue influence and was therefore invalid. "[T]o succeed on a claim of undue influence, one must establish (1) a susceptible testator, (2) another's opportunity to exert [undue influence], (3) the fact of improper influence exerted or attempted and (4) the result showing the effect of such influence.'" *Redman v. Watch Tower Bible and Tract Soc.*, 69 Ohio St.3d 98 (1994), quoting *West v. Henry*, 173 Ohio St.498 (1962). As the Ohio Supreme Court has noted, "In any will-contest action, the person who can give the best evidence of influence is dead. Therefore, most evidence will be circumstantial, leaving the factfinder to draw permissible inferences." *Id.* at 102.

{¶ 13} In this case, the magistrate determined that Jean was a susceptible testator based on the testimony of Dr. Suzanne Norman, a geropsychologist, whose conclusions were based on "Jean's dementia, memory loss, anxiety and depression, all exacerbated by Arch's death only months before she changed her will." The magistrate further determined that Leslie had the opportunity to exert undue influence over Jean because she was living in Jean's house, and that she affirmatively acted to exclude Greg and his wife from access to information about Jean's finances and personal affairs.

{¶ 14} The magistrate further found that the "suspicious circumstances surrounding the creation of the 2007 will establish 'improper influence exerted or attempted.'" According to the magistrate's findings of fact, Leslie claimed the will was written by Leonard Gartner, a former coworker of Leslie's, who was named as an alternate fiduciary in the will.

{¶ 15} However, Gartner testified that he never had an attorney-client relationship with

either Leslie or Jean. He does not recall preparing the will or discussing its contents with Jean or Leslie at any time. Although the will is in the format Gartner used, absent is a notation that he always puts at the bottom of a will, indicating the document was prepared by him, along with contact information for his office. Gartner additionally testified that his usual practice in estate planning is to have a discussion with a testator, and if he is asked to draft a will that excludes a family member, he insists on a private discussion with the testator. If a will names him as an alternate fiduciary, Gartner takes notes and documents the reason he was named, rather than a family member or heir. Because this will both excludes a family member and names Gartner as an alternate fiduciary, Gartner testified it would have been a highly unusual situation that would have stood out in his mind.

{¶ 16} Finally, the magistrate found that the ultimate outcome clearly demonstrated Leslie as the beneficiary of the undue influence, as she went from a fifty-fifty beneficiary to a sole heir, except for the one dollar bequest to Greg.

{¶ 17} In addition, the magistrate determined that a presumption of undue influence was present because Leslie was in a confidential or fiduciary relationship with Jean that extended beyond the mere mother-daughter relationship. Leslie was an attorney and was instrumental in drafting the 2007 will. She was handling all of Jean's finances, even prior to the time Jean granted a power of attorney to Leslie. Leslie was living with Jean who was in a vulnerable state and Jean relied on Leslie for legal, financial and social support, placing the reliance on Leslie beyond that of a parent-child relationship and creating a confidential and fiduciary relationship.

{¶ 18} The magistrate further found that Leslie failed to put forth any evidence at trial to even suggest any motive for Jean's decision to change her will and essentially disinherit Greg. The evidence showed that Jean called on Greg for financial accounting assistance when Arch died, and although later, Leslie would not grant Greg access to his mother's

- 5 -

financial matters, Greg continued to be involved in his mother's life by visiting and taking her to medical appointments.

{¶ 19} As discussed above, the trial court reviewed the magistrate's factual findings in light of the applicable law and determined that the magistrate correctly concluded that the will was the product of undue influence. Likewise, after applying the applicable law to the magistrate's findings of fact, this court finds no error in the trial court's determination. The trial court correctly applied the law to the magistrate's findings of fact and determined the elements of undue influence were established, rendering the will invalid. Accordingly, Leslie's assignment of error is overruled.

{¶ 20} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.